[No. 14767. Department One. September 24, 1918.]

MARY CLANCY, *Executrix etc., Appellant*, v.
ANNA B. STEINKE *et al., Respondents.*[1]

FRAUDULENT CONVEYANCES — TRANSACTIONS BETWEEN RELATIVES — EVIDENCE—SUFFICIENCY. The mere fact that conveyances were made from mother to sons in consideration of debts due from her to them, while she was indebted, do not make them fraudulent as to creditors, and they may be upheld if, critically examined, the evidence supports findings that they were on sufficient consideration (TOLMAN, J., dissents).

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered July 16, 1917, in favor of the defendants, dismissing an action to set aside deeds as in fraud of creditors, after a trial on the merits. Affirmed.

*Sharpstein, Smith & Sharpstein*, for appellant.

*Edward Von Tobel, Mark F. Mendenhall*, and *J. W. Brooks*, for respondents.

[1] Reported in 175 Pac. 110.

PARKER, J.—The plaintiff commenced this action in the superior court for Walla Walla county, seeking to set aside two deeds of conveyance by Anna B. Steinke to her sons, Walter C. and Berkey E. Farley, conveying to them lands in that county. The plaintiff, being a judgment creditor of Mrs. Steinke, claimed that the deeds were executed in fraud of her rights as such creditor. Trial in the superior court upon the merits resulted in a judgment denying the relief prayed for and dismissing the action, from which the plaintiff has appealed to this court.

In January, 1910, Mrs. Steinke became indebted to John Hendry in the sum of $10,000 for a part of the purchase price of real property situated in King county, then conveyed by him to her, which indebtedness was then secured by her executing a mortgage to him upon the same property. In January, 1914, before the commencement of any action to recover that indebtedness or foreclose the mortgage securing the same, Mrs. Steinke made the conveyances which the appellant seeks to have set aside. A short time following the making of the conveyances, appellant, as executrix of the last will and testament of John Hendry, deceased, commenced an action in the superior court for King county, seeking the foreclosure of the mortgage, and also seeking a deficiency judgment against Mrs. Steinke, in the event the sale of the mortgaged property should not yield sufficient funds to satisfy the indebtedness. Thereafter, in September, 1914, a decree of foreclosure was entered in that action, and in October, 1914, a sale was had thereunder, which left a deficiency of $5,106 in the payment of the indebtedness secured by the mortgage. The decree of foreclosure was not in terms a present personal judgment against Mrs. Steinke, but it directed that, in event the money arising from the sale of the property

under the foreclosure should not be sufficient to pay
the indebtedness, the sheriff should specify the amount
of the deficiency, and "that plaintiff have judgment
against the defendant for such deficiency." We as-
sume that, upon the return of the sale, a personal
judgment was then rendered against Mrs. Steinke for
the amount of such deficiency, though no formal judg-
ment to that effect was introduced in evidence in this
case. However, in April, 1916, an abstract of a judg-
ment in favor of Mrs. Clancy, as executrix, and against
Mrs. Steinke, rendered in the superior court for King
county for the sum of $5,106, which we assume is an
abstract of that judgment, was filed in the superior
court for Walla Walla county. Thereafter this action
was commenced in the superior court for Walla Walla
county, and prosecuted therein upon the theory that
the conveyances were made with the intent on the part
of Mrs. Steinke and her sons, Walter C. and Berkey E.
Farley, to defraud her creditors, and particularly the
appellant.

In its last analysis, this case presents only questions
of fact, determinable wholly from oral evidence, and
the measuring of the credibility of the witnesses testi-
fying upon the trial touching the good faith and *bona
fides* of the sale and conveyances made by Mrs. Steinke
of the Walla Walla county lands to her sons. The
argument of counsel for appellant rests largely upon
the fact that the conveyances were made from mother
to sons, were made in consideration of debts due from
her to her sons, and the claim that the conveyances
were made for an inadequate consideration. We have
read all of the evidence and have examined all of the
exhibits with painstaking care, and to the end that we
might have a better understanding of the controversy,
this has been done by reading the statement of facts
and examining the original exhibits, rather than by de-

pending upon the abstract thereof prepared by counsel. We have given due weight to the fact that these conveyances were made from mother to sons in consideration of debts due by her to them, and the rule calling for critical examination of the circumstances under which such conveyances are made when the rights of creditors are involved. To discuss the evidence in detail here would be but to notice a great number of detail facts and circumstances with a view to determining the credibility of witnesses touching their testimony relative to the amounts actually owing by Mrs. Steinke to her sons, and the value of her equity in the lands, which were heavily incumbered by mortgages and taxes, and which had become much depreciated in value for want of cultivation during two or three years previous to the making of the conveyances. We deem it sufficient to say that we cannot take a different view of the controversy than that entertained by the trial court.

The judgment is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.

TOLMAN, J., dissents.